IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JULIO ADOLIO RIVERA, § | |
| § | |
| Movant, § | |
| VS. § | CIVIL ACTION NO. 3:17-CV-388 |
| § | CRIMINAL ACTION NO. 3:15-CR-14-1 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |
| § | |

## ORDER

Julio Adolio Rivera is a federal prisoner who pled guilty in this Court to one count of possession with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine (Dkt. 87).[1] The undersigned judge sentenced Rivera to a 60-month prison term to be followed by a 4-year term of supervised release (Dkt. 87 at pp. 2–3). The case is currently on direct appeal. *See* Fifth Circuit Docket Number 17-40336. Rivera was represented by a retained attorney during the trial court proceedings and is represented on appeal by the Federal Public Defender's Office.

Rivera has, despite still having counsel, filed a *pro se* "petition to correct pre-sentence report" in support of which he cites no rule or statute;[2] in the alternative, Rivera has also styled the filing as a motion under 28 U.S.C. § 2255 (Dkt. 114). In the filing, Rivera claims that the Presentence Investigation Report ("PSR") in his case understated

---

[1] All docket entry numbers refer to the docket in the criminal matter.
[2] The motion is perhaps best construed as being brought under Federal Rule of Criminal Procedure 36, which allows the district court to correct errors in the record that are clerical in nature or that arise from oversight or omission. The Court expresses no opinion on the issue of whether relief under that rule would be appropriate here.

the extent of his recent drug and alcohol abuse and that as a result of that understatement he is ineligible for the Residential Drug Abuse Program ("RDAP") offered by the Federal Bureau of Prisons (Dkt. 114 at pp. 3–6). Rivera's trial counsel did not lodge such an objection to the PSR, and during sentencing neither Rivera nor his trial counsel ever mentioned either Rivera's desire to enroll in RDAP or any inaccuracies in the portion of the PSR discussing substance abuse. Before the Fifth Circuit, Rivera's appellate counsel has only challenged the sufficiency of the factual basis supporting Rivera's guilty plea.

A criminal defendant does not have the right to hybrid representation (meaning representation partly by counsel and partly by himself). *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978). "[U]nless an attorney's actions effectively deny the defendant his sixth amendment right to the assistance of counsel, the defendant is bound by his attorney's decisions during trial." *Id.* There is no indication that Rivera's lawyers have effectively denied Rivera's Sixth Amendment right to the assistance of counsel— and they certainly have not denied that right by opting not to press the issue of RDAP eligibility. Even if he completes RDAP, Rivera will not be assured of, and will not have a Constitutionally protected liberty interest in, a sentence reduction; the determination of whether to reduce the sentence of an inmate who has completed RDAP is left to the discretion of the Bureau of Prisons. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012); *Richardson v. Joslin*, 501 F.3d 415, 419–20 (5th Cir. 2007); *see also Giraldo v. Laughlin*, 516 Fed. App'x 404, 405 (5th Cir. 2013) ("Prison officials enjoy broad discretion to deny sentence reductions even to inmates who have completed a treatment program.") (quotation marks omitted). And Rivera received a mandatory

minimum sentence in this case. Whatever the extent of Rivera's drug abuse, his lawyers have not denied him the right to effective counsel if they have decided not to risk an increase in a mandatory minimum sentence by painting him as a drug addict in hopes of qualifying him for a treatment program that, even if completed, might not bring a sentence reduction.

In short, the Court will not rule on this motion under the present circumstances. Rivera's direct appeal, in which he is represented by the Federal Public Defender's Office, is still pending. Appellate counsel was appointed at his request after his retained trial attorney withdrew (Dkt. 84 and Dkt. 89), and there is no sign that he has been effectively denied the right to counsel. Rivera cannot both have a lawyer and represent himself. *See Daniels*, 572 F.2d at 540. Moreover, given that Rivera has never mentioned RDAP until now, the Court is particularly wary of considering this *pro se* motion because, as other district courts have noted, defendants who do not qualify for RDAP but hope to use the program to reduce their sentences have a strong incentive to claim after sentencing that their PSRs understated the extent of their substance abuse problems. *See, e.g., United States v. Nguyen*, No. CR-07-4068, 2009 WL 1783500, at *1 n. 1 (N.D. Ia. June 19, 2009) ("The court is aware of the drug treatment program available at the facility in which the defendant is incarcerated, and the strong incentive—a potential reduction in sentence—for a defendant to attempt to gain admission into the program."); *Christian v. Willis*, No. Civ-14-4020, 2014 WL 3697991, at *1 (D.S.D. July 23, 2014) ("It is normal for sentencing purposes for a Defendant to want to make the best showing possible. Such a showing can be contrary to what is later necessary to qualify for RDAP

and its accompanying benefits."); *Spencer v. United States*, No. 16-CV-440, 2016 WL 2865996, at *3 (S.D. Ill. May 17, 2016) ("If Section 2241 could be routinely used to amend a PSR, then a defendant could minimize her drug and alcohol dependence at sentencing in the hope of receiving a more favorable sentence or prison placement, only to alter the PSR at a later date in order to try to secure a RDAP sentencing reduction.").

Based on the foregoing, the Court **ORDERS** as follows:

1. Rivera's *pro se* "petition to correct pre-sentence report" (Dkt. 114) is **DENIED** without prejudice to refiling through counsel. While Rivera is represented by counsel, he must proceed through counsel.

2. Civil Docket 3:17-CV-388 is **CLOSED**.

The Clerk shall provide a copy of this order to Rivera and his appellate counsel in criminal matter 3:15-CR-14-1.

SIGNED at Galveston, Texas, on January 3, 2018.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE